UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DAMON SCOTT,

                   Plaintiff,

         -against-

JOHN DOE CERT OFFICER-A; JOHN DOE
CERT OFFICER-B; JOHN DOE CERT
OFFICER-C; MICHAEL CAPRA,
SUPERINTENDENT OF SING SING
CORRECTIONAL FACILITY,

                  Defendants.

25-CV-9276 (KMK)

ORDER OF SERVICE

KENNETH M. KARAS, United States District Judge:

Plaintiff, who currently is incarcerated at Sing Sing Correctional Facility, brings this action, *pro se*, under 42 U.S.C. § 1983, alleging that Defendants used excessive force and failed to intervene to protect him during a search of his cell. By order dated November 7, 2025, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1]

## DISCUSSION

### A.    Service on Capra

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service.[2] *Walker v. Schult*, 717 F.3d. 119, 123 n.6

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

[2] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have effected service until the Court reviewed the complaint and ordered that any summonses be issued. The Court therefore extends the time to serve until 90 days after the date any summonses issue.

(2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP).

To allow Plaintiff to effect service on Defendant Superintendent Michael Capra through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for this defendant. The Clerk of Court is further instructed to issue a summons and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon this defendant.

If the complaint is not served within 90 days after the date the summons is issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

**B.      *Valentin* order**

Under *Valentin v. Dinkins*, a *pro se* litigant is entitled to assistance from the district court in identifying a defendant. 121 F.3d 72, 76 (2d Cir. 1997). In the complaint, Plaintiff supplies sufficient information to permit the New York State Attorney General's Office to identify the three John Doe Corrections Emergency Response Team ("CERT") officers that Plaintiff alleges were involved in the events of November 10, 2022, as described in the complaint. It is therefore ordered that the Attorney General's Office, which is the attorney for and agent of the New York State Department of Corrections and Community Supervision, must ascertain the identity and badge number of each John Doe whom Plaintiff seeks to sue here and the address where the

defendant may be served. The Attorney General's Office must provide this information to Plaintiff and the Court within sixty days of the date of this order.

Within thirty days of receiving this information, Plaintiff must file an amended complaint naming the newly identified John Doe defendants. The amended complaint will replace, not supplement, the original complaint. An amended complaint form that Plaintiff should complete is attached to this order. Once Plaintiff has filed an amended complaint, the Court will screen the amended complaint and, if necessary, issue an order directing the Clerk of Court to complete the USM-285 forms with the addresses for the named John Doe Defendants and deliver all documents necessary to effect service to the U.S. Marshals Service.

**C.      Local Civil Rule 33.2**

Local Civil Rule 33.2, which requires defendants in certain types of prisoner cases to respond to specific, court-ordered discovery requests, applies to this action. Those discovery requests are available on the Court's website under "Forms" and are titled "Plaintiff's Local Civil Rule 33.2 Interrogatories and Requests for Production of Documents." Within 120 days of service of the complaint, Defendant Capra must serve responses to these standard discovery requests. In his responses, Defendant Capra must quote each request verbatim.[3]

**CONCLUSION**

The Clerk of Court is instructed to issue a summons for Superintendent Capra, complete the USM-285 form with the address for this defendant, and deliver all documents necessary to effect service to the U.S. Marshals Service.

---

[3] If Plaintiff would like copies of these discovery requests before receiving the responses and does not have access to the website, Plaintiff may request them from the Pro Se Intake Unit.

The Clerk of Court is directed to mail a copy of this order and the complaint to the New York State Attorney General's Office at: 28 Liberty Street, New York, NY 10005.

The Clerk of Court is directed to mail an information package to Plaintiff.

Local Civil Rule 33.2 applies to this action.

SO ORDERED.

Dated:    12/2/2025
          White Plains, New York

_____
KENNETH M. KARAS
United States District Judge

4

**SERVICE ADDRESS FOR DEFENDANT**


Superintendent Michael Capra
Sing Sing Correctional Facility
354 Hunter Street
Ossining, NY 10562